UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RUIZ, | No. 2:16-cv-2716 MCE DB PS |
| Plaintiff, | |
| v. | ORDER AND<br>FINDINGS AND RECOMMENDATIONS |
| BRYAN STAMPER, dba CONCRETE EQUIPMENT ZONE, LLC, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On April 10, 2017, the court issued an order setting this matter for a Status (Pretrial Scheduling) Conference on June 9, 2017. (ECF No. 11.) On June 9, 2017, the Status (Pretrial Scheduling) Conference was held. Authur A. Zorio appeared telephonically on behalf of defendants Bryan Stamper and Concrete Equipment Zone, LLC. However, there was no appearance by, or on behalf of, plaintiff Israel Ruiz.

Accordingly, on June 12, 2017, the undersigned issued an order to show cause in a writing filed on or before June 26, 2017, as to why this action should not be dismissed for lack of prosecution. (ECF No. 14 at 1.) Plaintiff was also ordered to file an updated status report on or before July 14, 2017. (Id. at 2.) Plaintiff was cautioned that failure to file a written response to

that order could result in the undersigned recommending that this matter be dismissed.  (Id. at 2.) Nonetheless, the time provided plaintiff has expired and plaintiff has not responded to the order to show cause in any way.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

Here, plaintiff failed to attend the June 9, 2017 Status (Pretrial Scheduling) Conference. The undersigned issued an order to show cause that provided plaintiff with an opportunity to show good cause for plaintiff's conduct and ordered plaintiff to file an updated status report. Plaintiff failed to respond to that order in any way.  The order to show cause specifically warned plaintiff that the failure to file a written response to that order could result in a recommendation that this matter be dismissed.

Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile.  Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the

1 sanction of dismissal. Only the public policy favoring disposition on the merits counsels against
2 dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on
3 the merits an impossibility. The undersigned will therefore recommend that this action be
4 dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the
5 court's orders. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that the July 28, 2017 Status (Pretrial Scheduling) Conference is vacated.

Also, IT IS HEREBY RECOMMENDED that:

1) Plaintiff's November 16, 2016 complaint (ECF No. 1) be dismissed without prejudice; and

2) This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 24, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\ruiz2716.dlop.f&rs